UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UC GLOBAL TRADE INC., and SUNRISE GLOBAL CHAIN, INC., | Civil Action No. 1:25-cv-08197 |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| | **JURY TRIAL DEMANDED** |
| BO YAN, and DONGGUAN QUNAN TECHNOLOGY CO.,LTD., | |
| Defendants. | |

Plaintiffs UC Global Trade Inc. and Sunrise Global Chain, Inc. allege as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment that Plaintiffs do not infringe any valid claim of United States Patent Nos. 11,771,619 (the "'619 patent") (attached as Exhibit A), 11,957,634 (the "'634 patent") (attached as Exhibit B), and 12,201,572 (the "'572 patent") (attached as Exhibit C) (collectively, the "patents-in-suit"), for a declaratory judgment that the claims of the patents-in-suit are invalid, and for a declaratory judgment that the patents-in-suit are unenforceable. Each and every of the patents-in-suit relates to a massage device.

## THE PARTIES

2. Plaintiff UC Global Trade Inc. ("UC Global") is a California corporation with its principal place of business at 14225 Telephone Ave., Unit D, Chino, CA 91710.

3. Plaintiff Sunrise Global Chain, Inc. ("Sunrise") is a California corporation with its principal place of business at 14726 Ramona Ave. E9, Chino, CA 91710.

4. Upon information and belief, Defendant Bo Yan resides in Guangdong, China. Upon information and belief, Defendant Bo Yan is the current owner of each and every of the patents-in-suit.

5. Defendant Dongguan Qunan Technology Co.,Ltd. ("Qunan") is a limited liability company organized under the laws of People's Republic of China with a principal place of business at 51 Shitouxialu Road Ste. 502, Yuanjiangyuan Village, Changping Township, Dongguan City, Guangdong Province, China. On information and belief, Defendant Bo Yan is the controlling owner of Defendant Qunan and owns 91% of Defendant Qunan's outstanding ownership interest shares.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq. and under the Declaratory Judgment act 28 U.S.C. §§ 2201 and 2202.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent infringement).

8. This Court has personal jurisdiction over Defendants because, among other things, Defendants have used the patents-in-suit to halt the sale of Plaintiffs' goods into this district. Alternatively, the claims of this Complaint arise under federal law, and the Defendants are not subject to any state's courts of general jurisdiction.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**BACKGROUND**

10. Upon information and belief, Defendant Bo Yan and/or Defendant Qunan, acting in concert, submitted multiple complaints to the Temu e-commerce platform at least over the course of the period from September 8, 2024 through September 13, 2024. The complaints alleged that several of Plaintiffs' products sold through the Temu e-commerce platform infringed at least the '619 and '634 patents.

11. In response to these complaints, Temu removed at least nine of Plaintiff UC Global's product listings and at least five of Plaintiff Sunrise's product listings, preventing the sale of those products via Temu to customers throughout the United States, including customers in the Northern District of Illinois. Screenshots showing the removal of the at least nine of Plaintiff UC Global's product listings and the at least five of Plaintiff Sunrise's product listings are attached as Exhibit D.

12. Plaintiff Sunrise began selling to the public at least one product with the same core structure as the accused products no later than December 6, 2022.

13. The application that resulted in the '619 patent was filed on March 8, 2023. The earliest priority date is January 17, 2023.

14. The '634 patent issued from a continuation application of the '619 patent, filed on September 26, 2023.

15. The '572 patent issued from a continuation application of the '634 patent, filed on April 15, 2024.

16. Defendant Bo Yan is listed as the sole inventor on each and every of the patents-in-suit.

17. On information and belief, Chongqing Quwang E-Commerce Co., Ltd. ("Quwang") is one of Defendant Qunan's distributors. In a Chinese administrative patent infringement proceeding,

Quwang submitted a notarized record of electronic communications on the communication platform WeChat over the course of 2021-2022 (before the earliest priority date of the '619 patent) between at least three individuals known by their WeChat IDs "谭家发" ("Tan Jiafa" in the translation) (presumably the real name of an individual named Jiafa Tan), "章鸣浩" ("Zhang Minghao" in the translation) (presumably the real name of an individual named Minghao Zhang), and "黎 ～ 设 计 18819769123" ("Li ~ Design 18819769123" in the translation) (presumably an individual specializing in design work with family name Li and phone number 18819769123). Upon information and belief, none of these three individuals is Defendant Bo Yan. A translation of this notarized record is attached as Exhibit E.

18. The notarized record shows that the individual identified as "黎 ~ 设计 18819769123" created various design drawings corresponding to the claimed invention of the patents-in-suit (and/or prototypes thereof) and discussed design details with the other two individuals and received feedback from the other two individuals and modified design drawings based on that feedback. The notarized record also shows that the individual identified as "谭家发" provided input on material and structural aspects of the design. The notarized record further shows that the individual identified as "章鸣浩" approved various versions of the design. This notarized record does not suggest that Defendant Bo Yan played any part in the conception of the claimed invention of the patents-in-suit.

19. Accordingly, Defendant Bo Yan either is not an inventor or at least is not the sole inventor of the patents-in-suit's invention. The individuals identified in the notarized record as "黎 ~ 设 计 18819769123", "谭家发" and "章鸣浩" at least also contributed to conception of the invention and are therefore at least co-inventors.

20. Upon information and belief, the application submitted to the USPTO that resulted in the patents-in-suit intentionally named Defendant Bo Yan as the sole inventor, omitting the true inventors or co-inventors and committing fraud upon the USPTO.

21. The application that resulted in the '619 patent further certified that the applicant qualifies for micro entity status under gross income basis.

22. Upon information and belief, Defendant Bo Yan's gross income in the calendar year preceding the applicable fee payment date exceeds the applicable maximum qualifying gross income of $212,352.

23. Upon information and belief, Defendant Bo Yan assigned, granted or conveyed or was under an obligation to assign, grant or convey a license or other ownership interest in the '619 patent to Defendant Qunan as of March 8, 2023.

24. Upon information and belief, Defendant Qunan's gross income in the calendar year preceding the applicable fee payment date exceeds the applicable maximum qualifying gross income of $212,352.

25. The application that resulted in the '634 patent further certified that the applicant qualifies for micro entity status under gross income basis.

26. Upon information and belief, Defendant Bo Yan's gross income in the calendar year preceding the applicable fee payment date exceeds the applicable maximum qualifying gross income of $223,740.

27. Upon information and belief, Defendant Bo Yan assigned, granted or conveyed or was under an obligation to assign, grant or convey a license or other ownership interest in the '634 patent to Defendant Qunan as of September 26, 2023.

28. Upon information and belief, Defendant Qunan's gross income in the calendar year preceding the applicable fee payment date exceeds the applicable maximum qualifying gross income of $223,740.

29. At least one product accused of infringing the patents-in-suit (Layla, model number JT-32-033PU) is manufactured and sold to Plaintiffs by third party Dongguan Qianmei Intelligent Technology Co., Ltd. ("Qianmei"). Upon information and belief, Qianmei legally obtained that product from Defendant Qunan.

30. Upon information and belief, Qunan Company has been aware that Qianmei Company sold the products to Jiaxintong Company since as early as March 2023.

31. Upon information and belief, all other products accused of infringing the patents-in-suit are likewise either legally obtained from Defendant Qunan or manufactured with a license granted by Defendant Qunan.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

32. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 29 above as if fully set forth herein.

33. An actual controversy exists between Plaintiff and Defendant as to whether Plaintiff has infringed, or is infringing, the patents-in-suit.

34. The accused products do not infringe any valid claim of the patents-in-suit.

35. For example, at least one accused product (Layla, model number JT-32-033P) lacks any element that corresponds to the following limitation in the independent claim 1 of the '619 patent: "a driving member arranged in a chamber of the shell and the chamber is adjacent to

the moving space, the chamber is defined by an interior surface of the shell and the moving space is defined by a surface of the shell that is exterior to the interior surface of the chamber."

36. Further, at least one accused product (Layla, model number JT-32-033P) lacks any element that corresponds to the following limitation in the independent claim 1 of the '634 patent: "a driving member arranged in a chamber of the shell, wherein the chamber is adjacent to the moving space, the chamber is defined by an interior surface of the shell and the moving space is defined by a surface of the shell that is exterior to the interior surface of the chamber."

37. Further, at least one accused product (Layla, model number JT-32-033P) lacks any element that corresponds to the following limitation in the independent claim 1 of the '572 patent: "a driving member arranged in a chamber of the shell, wherein the chamber is adjacent to and not communicating with the moving space, the driving member configured to drive an eccentric driving shaft, the shell comprising a first inner surface that formed an opening, the opening is positioned between the moving space and the chamber."

38. As a further example, at least one accused product (Layla-JT-32-033PU) lacks any element that corresponds to the following limitation in the independent claim 1 of the '619 patent: "the first and second exterior sides are exposed to the outside environment."

39. Furthermore, the Defendants have exhausted their rights under the patents-in-suit as to any product manufactured and sold to Plaintiffs by Qianmei, including at least Layla, model number JT-32-033PU, as well as to other products legally obtained from or manufactured under a license granted by Defendant Qunan.

40. The controversy between the parties is sufficient to entitle Plaintiffs to a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Fed. R. Civ. P. 57 that Plaintiffs have not infringed and do not infringe any valid claim of the patents-in-suit.

## COUNT II – DECLARATORY JUDGMENT OF INVALIDITY

41. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

42. One or more claims of the patents-in-suit are invalid for anticipation under 35 U.S.C. § 102 because a product with the same core structure as accused products was on sale before the effective filing date of the patent-in-suit.

43. One or more claims of the patents-in-suit are invalid for anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of the following prior art references, alone or in combination: CN204890546U (attached as Exhibit F), JP2006110289A (attached as Exhibit G), CN104367458A (attached as Exhibit H), CN217409236U (attached as Exhibit I), CN111419660A (attached as Exhibit J), US20170367925A1 (attached as Exhibit K), and CN215081952U (attached as Exhibit L).

44. The controversy between the parties is sufficient to entitle Plaintiff to a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Fed. R. Civ. P. 57 that the patents-in-suit are invalid.

## COUNT III – DECLARATORY JUDGMENT OF UNENFORCEABILITY

45. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

46. But for the applicant's inventorship misrepresentations, the USPTO would not have issued the patents-in-suit. Accordingly, the inventorship misrepresentations are material.

47. The applicant made the inventorship misrepresentations with an intent to deceive the USPTO.

48. Further, but for the '619 and '634 patents' applicant's micro entity misrepresentations, the USPTO would not have issued the '619 and '634 patents based on the applicant's fee payment. According, the micro entity misrepresentations are material.

49. The '619 and '634 patents' applicant made the micro entity misrepresentations with an intent to deceive the USPTO

50. The applicant's actions constitute inequitable conduct.

51. The patents-in-suit are unenforceable due to the applicant's inequitable conduct.


## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues that are so triable.


## PRAYER FOR RELIEF

Plaintiffs request that this Court grant the following relief:

A. A declaratory judgment that Plaintiffs have not infringed the patents-in-suit;

B. A declaratory judgment that the patents-in-suit are invalid;

C. A declaratory judgment that the patents-in-suit are unenforceable for inequitable conduct;

D. A preliminary and permanent injunction enjoining Defendant from submitting or maintaining patent complaints against Plaintiff to Temu or any other third-party e-commerce platform with respect to the patents-in-suit;

E. A mandatory injunction requiring Defendant to notify Temu that it withdraws the complaints filed against Plaintiff with respect to the patents-in-suit;

F. Costs and reasonable attorneys' fees relating to this action pursuant to 35 U.S.C. § 285; and

G. Such other and further relief as the Court may deem just and proper.

Dated on this 17th day of July, 2025.

Respectfully submitted,

*/s/  Hao Tan* _____


Hao Tan (IL Bar No. 6314119)
Shen Wang (IL Bar No. 6314224)
Christoper Fahy (ILND Bar No. 6286130)
Yu Di (IL Bar No. 6315304)
Xuanjie Wang (ILND Bar No. 6347726)
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
HaoTan@archlakelaw.com
ShenWang@archlakelaw.com
Christopher@archlakelaw.com
YuDi@archlakelaw.com
AnnieWang@archlakelaw.com


*Attorneys for Plaintiffs UC Global Trade Inc.*
*and Sunrise Global Chain, Inc.*